78 F.3d 595
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Douglas Wayne HOSKINSON, Defendant-Appellant.
 No. 94-50658.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1996.*
Decided March 12, 1996.
 
 Before: WALLACE, Chief Judge, BROWNING and FARRIS, Circuit Judges.
 
 MEMORANDUM
 
 1
 Hoskinson appeals from his sentence following a guilty plea to six counts of mailing threatening communications in violation of 18 U.S.C. § 876. The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We affirm.
 
 
 2
 We review departures from the Sentencing Guidelines under the three-part test established in United States v. Lira-Barraza, 941 F.2d 745, 746-47 (9th Cir.1991) (en banc) (Lira-Barraza ). First, we must determine whether the trial court had the legal authority to depart. A district court may depart upwardly from the applicable guideline range only if it identifies an aggravating circumstance "that was not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b); Lira-Barraza, 941 F.2d at 746. Second, we review for clear error the factual findings in support of the aggravating circumstance identified by the district court as a basis for departure. Finally, we review the reasonableness of the extent of the district court's departure "in light of the structure, standards and policies of the Act and Guidelines." Lira-Barraza, 941 F.2d at 746-47.
 
 
 3
 Hoskinson argues that none of the four grounds on which the district court based its upward departure was legally sound. The district court first found that Hoskinson's letters targeted multiple victims. Because section 2A6.1(b) fails to take into account the number of targeted victims, it was a legally appropriate basis for departure. See U.S.S.G. § 2A6.1 Application Note 1; United States v. Foppe, 993 F.2d 1444, 1453 (9th Cir.) (affirming upward departure from section 2B3.1 based on multiple victims in robbery), cert. denied, 114 S.Ct. 615 (1993).
 
 
 4
 This decision did not amount to double counting. The presence of numerous targets was not a reason for the district court's refusal to group the counts. Rather, the district court refused to group the counts because it found that the multiple communications amounted to a series of episodes causing distinct harms. See U.S.S.G. § 3D1.2.
 
 
 5
 Hoskinson argues for the first time on appeal the letters did not in fact involve multiple victims. His argument is not only meritless, but it was waived.
 
 
 6
 The district court also departed upward based on its characterization of Hoskinson's conduct as extreme. U.S.S.G. § 5K2.8 (1993). Hoskinson argues that the district court's departure on this ground amounted to double counting. He contends that the district court already considered the nature of his conduct when increasing his offense level for evidencing an intent to carry out his threat. Id. § 2A6.1(b)(1).
 
 
 7
 The departure based on extreme conduct was premised on a finding that Hoskinson's cruel and graphic threats were "at the far end" of the spectrum. The offense level increase was based on entirely different conduct: Hoskinson's placing his hands around the neck of his wife and two separate break-ins of his wife's residence.
 
 
 8
 Hoskinson also contends that the district court clearly erred by finding that the nature of his conduct was extreme. Several letters included blood smearings and death threats written in Hoskinson's own blood. He used graphic color photographs and extremely violent threats. The record supports the district court's finding as not clearly erroneous.
 
 
 9
 Finally, Hoskinson argues that the district court clearly erred by finding that he had engaged in "more than minimal planning." The district court found the degree of Hoskinson's planning to be of slight significance in its decision to depart. The extent of Hoskinson's planning--including drafting notes in blood and crafting collages from magazine pictures--amply supports the district court's finding. In any event, even if the district court did clearly err in considering this factor, the error would be harmless. Nothing in the record indicates that this factor affected the extent of the district court's departure. See Williams v. United States, 503 U.S. 193, 203 (1992) (where record indicates that sentence was unaffected by the district court's reliance on an improper factor, remand for resentencing unnecessary).
 
 
 10
 We also determine that the district court's decision to depart upwardly four levels was reasonably based on an analogy to section 2G3.1(b)(2). Section 2G3.1(b)(2) increases the base offense level by four if obscene material also contains a certain additional characteristic. Here, the district court reasonably departed by the same amount because Hoskinson's threatening communications exhibited analogously extreme characteristics. The district court also based its departure on the reasons given by the probation department. Hoskinson does not challenge this additional rationale for the district court's departure, which was also reasonably based upon objective criteria. Lira-Barraza, 941 F.2d at 750 n. 13.
 
 
 11
 AFFIRMED.
 
 
 12
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4